UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RVDIRECT.COM, and RV DIRECT
GROUP, INC.,

                              Plaintiffs,

          -against-                                    1:10-CV-0701 (LEK/DRH)

WORLDWIDE RV d/b/a RV FACTORY
DIRECT

                              Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is a Motion to dismiss or transfer venue (Dkt. No. 11) filed on

behalf of Defendant Worldwide RV.  For the reasons that follow, Defendant's Motion is granted.

## I.      BACKGROUND

On June 16, 2010, Plaintiffs RVDirect.com, Inc. and RV Direct Group, Inc. (collectively

"Plaintiffs") initiated this action against Defendant Worldwide RV ("Defendant") alleging

violations of the Lanham Act and New York General Business Law.  Compl. (Dkt. No. 1).  On

August 6, 2010, Defendant filed the instant Motion to dismiss for lack of personal jurisdiction or,

alternatively, to transfer venue.  Dkt. No 11.

Plaintiffs are New York corporations with principal places of business in Albany County,

New York.  Compl. ¶ 1.  They are engaged in the marketing and sale of recreational vehicles,

including promotion and sales made using their RVDIRECT.COM trademark and conducted via

their RVDIRECT.COM website.  Id. ¶¶ 8-17.  Defendant is an Arizona business with a principal

place of business in Mesa, Arizona.  Id. ¶ 2.

The essence of Plaintiffs' action is that Defendant, which markets the same recreational

vehicles as Plaintiffs, "created an internet domain name 'RVFACTORYDIRECT.COM' and began marketing its products using that name." Id. ¶¶ 18-19.  Plaintiffs allege that Defendant has thereby diluted its trademark, purposefully created confusion in the marketplace, and capitalized off of Plaintiffs' recognized brand, quality, and reputation.  See generally id.

Plaintiffs' Complaint offers few factual averments regarding this Court's jurisdiction over Defendant, but asserts that jurisdiction is proper, as Defendant "is doing business in the State of New York as that term is defined in New York Civil Practice Law and Rules § 301, § 302 and § 303." Id. ¶ 3.  The Complaint alleges that Defendant created a confusingly similar internet domain name, which it uses "in connection with the marketing of their recreation vehicle products which are the same as those marketed by the Plaintiffs." Id. ¶¶ 18-19.  It adds that the parties "have competed and still do compete with respect to the sales of these recreational vehicles." Id. ¶ 22.  It alleges that Defendant's use of the website places its goods and services in interstate commerce, and that "Defendants do business under its RVFACTORYDIRECT.COM acronym in the same area where Plaintiffs' goods and website are disseminated, including the State of New York." Id. ¶¶ 26, 49.

Defendant's Motion and supporting Memorandum of law (Dkt. No. 11-3) assert the Court's lack of personal jurisdiction over Defendant.  Plaintiffs contend that the Court may properly exercise jurisdiction over Defendant because the latter's website: "is national in scope and invites internet traffic from all 50 states, including New York;" advertises Defendant "as a company which has completed thousands of internet sales from buyers from all over the world;" allows for internet sales and delivery transactions; targets the New York market, "contains testimonials, including one from a New York resident, . . . indicat[ing] that she had purchased at least two motor homes from Defendant and had communicated via email and regular mail with Defendant." Resp. at 3.  Plaintiff

2

notes that Defendant admits to at least four other sales to New York residents.  Id.  Defendant

denies that any of these sales occurred via its website.  Reply (Dkt. No. 16-2) at 2-3.

## II.   STANDARD OF REVIEW

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to

Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has

jurisdiction over the defendant.  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d

Cir. 1996).  Prior to discovery, a plaintiff may survive a 12(b)(2) motion to dismiss by pleading in

good faith, see FED. R. CIV. P. 11, legally sufficient allegations of jurisdiction.  Id. (citing Ball v.

Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)).  That is, where a court

relies only upon the pleadings and supporting affidavits, a plaintiff need only make a *prima facie*

showing of personal jurisdiction over a defendant.  Cutco Indus., Inc. v. Naughton, 806 F.2d 361,

364 (2d Cir. 1986) (citing Marine Midland Bank N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981));

Grand River Enters. Six Nations, Ltd. v. Prvor, 425 F.3d 158, 165 (2d Cir. 2005).

"A *prima facie* showing of jurisdiction 'does not mean that plaintiff must show only some

evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if

true, are sufficient in themselves to establish jurisdiction.'"  Tamam v. Fransabank Sal, 677 F. Supp.

2d 720, 725 (S.D.N.Y. 2010) (citation omitted).  Pleadings that assert only "conclusory

non-fact-specific jurisdictional allegations" or state a "legal conclusion couched as a factual

allegation" do not meet this burden.  Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir.

1998) (quotation omitted).  Finally, while a court is to assume the truth of all well-pleaded factual

allegations that support a finding of personal jurisdiction, Ball, 902 F.2d at 197, it should "not draw

'argumentative inferences' in the plaintiff's favor."  Robinson v. Overseas Military Sales Corp, 21

3

F.3d 502, 507 (2d Cir. 1994) (quoting <u>Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992)).

## III.   DISCUSSION

This Court must engage in a two-part analysis to determine whether it may properly exercise *in personam* jurisdiction over Defendant: first, it must determine whether the laws of New York provide for jurisdiction; if they do, the Court must then decide whether an exercise of jurisdiction comports with federal due process requirements.  <u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 171 F.3d 779, 784 (2d Cir. 1999).  The Court finds that, contrary to Plaintiffs' Complaint, Compl. ¶ 3, jurisdiction over Defendant cannot be based upon New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") §§ 301, 302, and 303.  It therefore does not reach the second inquiry in the above analysis, whether such exercise would comport with constitutional due process.

### A.  N.Y. C.P.L.R. § 301

Section 301 of the N.Y. C.P.L.R. allows a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."  N.Y. C.P.L.R. § 301.  The comments to that section make clear that this section provides for general *in personam* jurisdiction grounded on presence, consent, domicile, and doing business.  <u>Id.</u>, cmt. C301.1.  Plaintiffs do not allege that Defendant is physically present in New York, consents to jurisdiction in the state, or is a New York corporation.  "[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'"  <u>Hoffritz for Cutlery, Inc. v. Amajac, Ltd.</u>, 763 F.2d 55, 58 (2d Cir. 1985) (quoting <u>Tauza v. Susquehanna Coal Co.</u>, 220 N.Y. 259, 267 (1917)).  To satisfy the "doing

business" standard, "a plaintiff must show that a defendant engaged in 'continuous, permanent, and substantial activity in New York.'" Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000) (quoting Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990)).

A court should consider several factors "to determine whether a defendant can be reached under section 301, including whether a defendant has an office, solicits business, has bank accounts and other property, or employs workers in the state." Cortland Line Co. v. Vincent, No. 98-CV-259, 1999 WL 305369, at *2 (N.D.N.Y.  May 7, 1999) (citing Hoffritz, 763 F.2d at 58).  "Arguably the most important factor needed for a finding of jurisdiction under § 301 is the in-state presence of employees engaged in business activity."  Id. at *2 (citing Pellegrino v. Stratton Corp., 679 F. Supp. 1164, 1171 (N.D.N.Y. 1986)).  Section 301's "doing business" standard is "stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New York." Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 567-68 (S.D.N.Y. 2006) (internal quotation marks omitted).

Plaintiffs fail to satisfy the requirements of § 301.  They do not allege that Defendant has a New York office, or bank accounts or other property within the state; nor do they allege that Defendant employs workers in New York.  Plaintiffs do assert that Defendant's website is "national in scope, and invites internet traffic from all 50 states, including New York."  Of course, "the fact that a foreign corporation has a website accessible to New York is insufficient to confer jurisdiction under CPLR § 301." Spencer Trask Ventures, Inc. v Archos, S.A., No. 01 CIV. 1169 2002 WL 417192 (S.D.N.Y. Mar. 18, 2002); see also In re Ski Train Fire in Kaprun, Austria, 230 F. Supp. 2d

376, 383 (S.D.N.Y. 2002) ("Were it otherwise, every entity or individual that ran a highly interactive website from anywhere in the world could be sued for any reason in New York.").

Plaintiffs claim that the website advertises Defendant as a company that has completed thousands of internet sales from around the world, and that Defendant advertises that internet sales transactions can occur through the website.  This too is insufficient to establish jurisdiction under § 301.  See Holey Soles Holdings v. Foam Creations, Inc., No. 05 CIV. 6939, 2006 WL 1147963, *4-5 (S.D.N.Y. May 1, 2006) (defendant's website, which included information about its products and authorized retailers and allowed customers around the world to purchase products from defendant, is insufficient to confer jurisdiction under § 301 unless that website is purposefully directed towards New York and evidence exists of other "substantial and continuous" solicitation and engagement activities in the state).

Plaintiffs contend that Defendants website is purposefully directed towards New York, alleging that it "entice[s] New York customers to purchase Defendant's product" through the testimonial of a New York resident.  Resp. at 3.  Plaintiffs emphasize that Defendant admits to four other New York sales.  Id.

Advertising within New York is insufficient to constitute the substantial activity required under § 301.  Schultz v. Ocean Classroom Found., Inc., No. 01 Civ. 7487, 2004 WL 488322, at *5 (S.D.N.Y. Mar. 15, 2004) ("New York courts have long held that absent a showing of an office or employees or agents in New York, the use of New York media for advertising defendant's foreign business has been held insufficient to confer jurisdiction over the defendant in New York.") (internal quotation marks omitted).  The mere fact that the page contains a testimonial from a New York customer does not show that the page is directed toward New York; as Plaintiffs note, that

testimonial is accessible to viewers in all 50 states.  Nor does the fact that a New York customer, or

even five New York customers, purchased products from Defendant satisfy the "substantial and

continuous" requirement embodied in § 301.  See Holey Soles, 2006 WL 1147963, at *5 (negligible

New York sales are not sufficient to satisfy the requirements of § 301).  Hence, Plaintiffs do not

allege facts that, if true, would allow for jurisdiction under N.Y. C.P.L.R. § 301.

**B.  N.Y. C.P.L.R. § 302**

N.Y. C.P.L.R. § 302 is New York State's long-arm statute.  Subsection (a) provides,

> As to a cause of action arising from any of the acts enumerated in this section, a court may
> exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
> 1.   transacts any business within the state . . . ; or
> 2.   commits a tortious act within the state . . . ; or
> 3.   commits a tortious act without the state causing injury to person or property within the state,
>       . . . if he
>        (i)   regularly does or solicits business, or engages in any other persistent course of
>              conduct, or derives substantial revenue from goods used or consumed or services
>              rendered, in the state, or
>        (ii)  expects or should reasonably expect the act to have consequences in the state and
>              derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).  Plaintiffs assert jurisdiction over Defendant under § 302(a)(1) and (a)(3).

Resp. at 7-10.

*i.  N.Y. C.P.L.R. § 302(a)(1)*

Section 302(a)(1) provides for personal jurisdiction over a party not present in the state

where that party "transacts business" within the state, such that the nonresident may be deemed to

have "'purposely availed [himself] of the privilege of conducting activities within New York and

thereby invoked the benefits and protections of its laws." Bank Brussels Lambert, 171 F.3d at 787

(quoting Parke-Bernet Galleries v. Franklyn, 26 N.Y.2d 13, 18 (1970)).  A single purposeful

transaction is sufficient to confer jurisdiction under this prong, so long as the cause of action against

7

the non-resident party arises from that transaction.  Id.; Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158 (2d Cir. 2010).  A claim "arises from" a particular transaction "when there is some articulable nexus between the business transacted and the claim sued upon, or when there is a substantial relationship between the transaction and the claim asserted."  Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006) (internal citations and quotation marks omitted).  Courts must look to "the totality of circumstances concerning the party's interactions with, and activities within, the state" to determine whether that party has "transacted business" with the state.  Bank Brussels Lambert, 171 F.3d at 787.  Maintaining a website in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction under N.Y. C. P.L.R. § 302.  Bensusan Rest. Corp. v. King, 126 F.3d 25 (2d Cir. 1997).

Plaintiffs allege that jurisdiction over Defendant is proper under § 302(a)(1) because Defendant's website, which they characterize as "active" in nature, is accessible in New York, allows customers to purchase products from and correspond with Defendant, and contains a testimonial from a New York customer indicating at least two purchases; Plaintiffs reiterate that Defendant acknowledges four additional sales to New York customers.  Resp. at 7-10.

Plaintiffs assert that the "active" or "interactive" nature of Defendant's website makes jurisdiction proper.  Pls.' Mem. at 8 (citing Hsin Ten Enter. USA, Inc. v. Clark Enter., 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000).  In Hsin, the court considered the degree to which a website's interactivity impacts the exercise of jurisdiction under § 302(a)(1).  It noted that, in this circuit, "passive websites," i.e., those that primarily make information available to viewers but do not allow for the exchange of information, are insufficient to confer personal jurisdiction; "active websites," through which a defendant clearly does business over the internet, for example, through knowingly

8

and repeatedly transmitting computer files across state lines, do confer personal jurisdiction; in the middle of this spectrum, "interactive websites," those permitting the exchange of information between viewers and a defendant, generally allow for the exercise of jurisdiction. Hsin, 138 F. Supp. 2d at 456 (citations omitted). On the facts alleged, Defendant's website is best considered "interactive" and thus falls into the middle ground, a zone the Hsin court found generally supports personal jurisdiction.

The Court notes that the level of activity a defendant's website employs does not singularly control the jurisdictional analysis. See Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ("a website's interactivity may be useful for analyzing personal jurisdiction under section 302(a)(1), but only insofar as it helps to decide whether the defendant transacts any business in New York – that is, whether the defendant, through the website, purposefully availed himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws.") (quotation marks, citations, and alterations omitted); see also Research Found. of State Univ. of New York v. Bruker Corp., No. 1:09-CV-00071, 2010 WL 981304, at *8 (N.D.N.Y. Mar. 15, 2010) (Kahn, J.). The court in Chloe, Div. of Richemont N.A., Inc. v. Queen Bee of Beverly Hills, 571 F. Supp. 2d 518, 528-30 (S.D.N.Y. 2008) rev'd on other grounds, supplies a more thorough and updated review of this, and other circuits' decisions on the issue than that provided in Hsin. It notes that in Hsin and many other cases that found jurisdiction to be proper over defendants' operating interactive websites, the defendant's additional contacts with the forum seized much of the courts' attention. Id. at 528-29 (citations omitted). The Chloe court reiterated a suggestion voiced in prior district court decisions on this issue, "that it is not the interactive website itself, but sales or other contacts made through such a website, that are significant for jurisdictional purposes." Id. at 529.

This Court agrees with the <u>Chloe</u> court and others' conclusion, that § 302 requires "some additional evidence of a defendant's 'purposeful availment' of the forum beyond that defendant's maintenance of an interactive commercial website, even when the website permits consumers to place orders online."  <u>Id.</u> (citing <u>Best Van Lines</u>, 490 F.3d at 252).

Plaintiffs' other allegations do not supply additional evidence of Defendant's "purposeful availment" or interaction with New York.  Plaintiffs do not allege, and the Court will not infer, that the New York resident whose testimonial appears on Defendant's website made her purchases online or that the product was delivered to her New York address.  Defendant, in fact, denies this occurred.  Reply at 2-3.  While Plaintiffs emphasize the four other sales to New York residents to which Defendant admits, they conspicuously fail to note that Defendant states that all of these sales and deliveries were made in its Arizona dealership.  See Def.'s Mem. at 3-4.  Plaintiffs supply no other factual information tying Defendant to New York.  In these circumstances, "[e]ven the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York."  ISI Brands, Inc. v. KCC Int'l, 458 F. Supp. 2d at 87-88 (E.D.N.Y. 2006); see also Pearson Educ. Inc. v. Shi, 525 F. Supp. 2d 551, 556-57 (S.D.N.Y. 2007) (finding jurisdiction proper where sales had been made through the website, and distinguishing ISI Brands on the basis that there, no internet sales had been alleged).  Here, there is no indication that any commercial activity occurred in New York.  Hence, jurisdiction cannot be founded upon § 302(a)(1).

*ii.  Section 302(a)(3)*

To establish jurisdiction under section 302(a)(3), a plaintiff "must show both that an injury

occurred 'within the state,' and that the elements of either clause (i) or (ii) have been satisfied."
Ingraham v. Carroll, 90 N.Y.2d 592, 596 (1997).

Plaintiffs assert that they have met § 302(a)(3)'s threshold requirement of "a tortious act
without the state causing injury to person or property within the state," N.Y. C.P.L.R. § 302(a)(3),
insofar as they allege that Defendant tortiously infringed upon their trademarked domain name,
diluting that mark and decieving their customers, and that Defendant did so from the state of
Arizona.  See, e.g., Compl. ¶¶ 2, 50-51; see also McGraw-Hill Co., Inc. v. Ingenium Tech. Corp.,
375 F. Supp. 2d 252, 256, (S.D.N.Y. 2000) ("trademark infringement cause[s] injury in the state
where the allegedly infringed intellectual property is held").  There is authority that these allegations
satisfy the threshold requirements of § 302(a)(3).  See Citigroup v. City Holding Co., 97 F. Supp.
549, 567-68 (S.D.N.Y. 2000) (damage to goodwill or lost customers due to infringement satisfies
the injury requirement); Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 362-63
(S.D.N.Y. 2009) (diminished value of copyright owned in New York constitutes in-state injury for
purposes of long-arm jurisdiction); but see Yash Raj Films (USA) Inc. v. Dishant.com LLC, No.
08-CV-2715, 2009 WL 4891764, at *9 (E.D.N.Y. Dec. 15, 2009) (citing Andy Stroud, Inc. v.
Brown, No. 08 Civ. 8246, 2009 WL 539863, at *6 (S.D.N.Y. Mar. 4, 2009) for the proposition that
"the mere fact that the plaintiff resides in New York and therefore ultimately experiences a financial
loss there is not a sufficient basis for jurisdiction").  In Yash Raj Films, the court comments that a
plaintiff's speculative allegations that its New York customers were deceived by a defendant's
allegedly infringing website, if unsupported by factual allegations suggesting that the defendant
targeted New York, may not satisfy the threshold requirements of § 302(a)(3).  Id.  Such is the case
here.  Plaintiffs offer purely speculative allegations of customer confusion and that Defendant's

website targets New York residents.  See, e.g., Compl. ¶ 26.   Assuming *arguendo* that Plaintiffs

have satisfied the threshold requirements of § 302(a)(3), they do not carry their burden under

subsections (a)(3)(i) or (a)(3)(ii).

To establish jurisdiction under N.Y. C.P.L.R. § 302(a)(3)(i) a plaintiff must "demonstrate

that the tortfeasor 'regularly does or solicits business, or engages in any other persistent course of

conduct, or derives substantial revenue from goods used or consumed or services rendered, in the

state.'"  Ingraham, 90 N.Y.2d at 596 (quoting N.Y. C.P.L.R. § 302(a)(3)(i)).  Plaintiffs have not

alleged any persistent course of conduct, or even a single sale by Defendant that occurred in New

York; on these facts, the requirements of N.Y. C.P.L.R. § 302(a)(3)(i) are not met.  See Research

Found., 2010 WL 981304, at *8-9.

To establish jurisdiction under N.Y. C.P.L.R. § 302(a)(3)(ii), "a plaintiff must demonstrate

that the nonresident tortfeasor: (1) 'expects or should reasonably expect the act to have

consequences in the state'; and (2) 'derives substantial revenue from interstate or international

commerce.'"  Ingraham, 90 N.Y.2d at 598 (quoting N.Y. C.P.L.R. § 302(a)(3)(ii)).  "The first prong

is intended to ensure some link between a defendant and New York State to make it reasonable to

require a defendant to come to New York to answer for tortious conduct committed elsewhere.  The

nonresident tortfeasor must expect, or have reason to expect, that his or her tortious activity in

another State will have direct consequences in New York."  Id.  The second prong "narrows the

long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause

direct, foreseeable injury within the State but whose business operations are of a local character."

Id. at 599 (internal quotation marks and citation omitted).

Plaintiffs' allegations do not satisfy the first prong.  "'The test of whether a defendant

expects or should reasonably expect his act to have consequences within the State is an objective rather than subjective one.'" Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 241 (2d Cir. 1999) (quoting Allen v. Auto Specialties Mfg. Co., 357 N.Y.S.2d 547 (3d Dep't 1974)).  New York courts have tried to harmonize the "reasonable expectation" requirement with constitutional due process requirements.  Id. (citing In re DES Cases, 789 F. Supp. 552, 570-71 (E.D.N.Y.1992)).  Thus, what is required is objective foreseeability, where "foreseeability relates to forum consequences generally and not to the specific event which produced the injury within the State." Allen, 357 N.Y.S.2d at 550.  New York's courts have found that "the simple likelihood or foreseeability 'that a defendant's product will find its way into New York does not satisfy this element, and that purposeful availment of the benefits of the laws of New York such that the defendant may reasonably anticipate being haled into New York court is required.'" Kernan, 175 F.3d at 241 (quoting In re DES Cases, 789 F. Supp. at 570-71); see also Schaadt v. T.W. Kutter, Inc., 564 N.Y.S.2d 865, 866 (3d Dep't 1991) ("foreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market").

Plaintiffs allege that Defendant's website targets New York customers and invites them to make purchases, but has not alleged a single sale occurring in the state. Compare with American Network, Inc. v. Access America/Connect Atlanta, Inc., 975 F. Supp. 494, 498 (S.D.N.Y. 1997) (finding foreseeability in trademark infringement case where website publishing allegedly infringing mark was available in New York and had signed up six New York subscribers through that page); Capitol Records, 611 F. Supp. 2d at 364 ("reasonable expectation" requirement met where website registered hundreds of thousands of users).  They heavily rely upon a New York resident's testimonial that is featured on Defendant's website as evidence of "targeting" New York.  The

simple fact that Defendant highlights customers' positive experiences on its website, and one of those customers resides in New York, does not show Defendant's "discernible effort to directly or indirectly serve the New York market."  Schaadt, 564 N.Y.S.2d at 866.

Plaintiffs appear to suggest that, to avoid being subject to jurisdiction in New York, Defendant bears the burden of showing that the four New York residents who purchased products from its Arizona dealership did not learn of Defendant while in New York and through Defendant's website.  Resp. at 9-10.  This is incorrect.  See Robinson, 21 F.3d at 507 (courts are to "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations" but should not "not draw argumentative inferences in the plaintiff's favor") (quotation marks and citations omitted). But, even were it true, long-arm jurisdiction is not satisfied merely because four New York residents learned of Defendant's business over the internet.  See Bensusan, 126 F.3d 25; Kernan, 175 F.3d at 241 (section 302(a)(3)(ii) requires purposeful affiliation with New York).

### C.  N.Y. C.P.L.R. § 303

N.Y. C.P.L.R. § 303, which allows for the designation of attorney as an agent for service is wholly inapplicable to this action.  Section 303 provides that where a party not subject to personal jurisdiction in New York commences an action in the state, that party is deemed to have designated his New York attorney as an agent for service of summons in a separate action brought against him in New York by another party to the first action, assuming the separate action involves a cause of action that could be leveled as a counterclaim in the first action.  See S.L. Kaye Co., Inc. v. Dulces Anahuac, S. A., 524 F. Supp. 17, 20 (S.D.N.Y. 1981); Evergreen Sys., Inc. v. Geotech Lizenz AG, 697 F. Supp. 1254, 1257 (E.D.N.Y. 1988).  Plaintiffs do not allege that Defendant ever brought an action in New York.  Section 303, thus, provides no viable basis for jurisdiction over Defendant.

14

**D. Consitutional Due Process**

Having discovered no basis for personal jurisdiction under New York law, the Court does not need to determine whether personal jurisdiction over Defendant would comport with constitutional due process.

**E. Transfer of Venue**

Given that the Court finds it has no personal jurisdiction over Defendant, it shall not address Defendant's request for a transfer of venue.

IV.     **CONCLUSION**

Accordingly, it is hereby

**ORDERED**, Defendant's Motion to dismiss (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   December 21, 2010
             Albany, New York

Lawrence E. Kahn
U.S. District Judge

15